# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CR-11-RL |
| | ) | |
| KEVIN CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the issue raised in the "Memorandum of Law Regarding Defendant Kevin Carter's Right to Counsel of His Own Choosing and Well Established Principles for Dealing with Conflicts of Former Clients (Co-Conspirator In The Instant Cause)" [DE 119], filed by Defendant Kevin Carter on May 19, 2008, and in the "Government's Memorandum Concerning Attorney Disqualification" [DE 162], filed by the United States Government on August 18, 2008.

On July 22 and 25, 2008, the Court held a hearing on this matter receiving both evidence and the arguments of counsel.

## PROCEDURAL BACKGROUND

This criminal case was commenced January 16, 2008, when the United States Government filed a multi-count, multi-Defendant Indictment charging Kevin Carter, among six Defendants, with having committed multiple drug-related felony offenses.

On February 3, 2008, attorney Kevin E. Milner filed his written appearance as attorney of record for Defendant Kevin Carter.

On May 1, 2008, attorney Kevin E. Milner filed a Motion To Withdraw As Attorney for Defendant Kevin Carter.

On May 5, 2008, attorney Jack Friedlander filed his written appearance as attorney of record for Defendant Kevin Carter. On that same day the Court granted attorney Kevin E. Milner's Motion To Withdraw As Attorney.

Presently, the Final Pre-Trial Conference is set for October 10, 2008, and the Jury Trial is set for October 20, 2008, as a secondary setting on the Court calendar and October 27, 2008, as a primary setting on the Court calendar.

On May 19, 2008, Defendant Kevin Carter, by counsel, filed a "Memorandum of Law Regarding Defendant Kevin Carter's Right to Counsel of His Own Choosing and Well Established Principles for Dealing with Conflicts of Former Clients (Co-Conspirator In The Instant Cause)."

On July 22 and 25, 2008, the Court held a hearing on the issues raised by the Memorandum. The Court received evidence and the arguments of counsel.

On August 18, 2008, the United States Government filed its "Government's Memorandum Concerning Attorney Disqualification."

On August 19, 2008 Defendant Kevin Carter, by counsel, filed his Reply To Government's Memorandum Concerning Attorney Disqualification.

**FACTUAL BACKGROUND**

Defendant Kevin Carter is charged in the multi-count, multi-Defendant Indictment in this case with having committed multiple drug-related felony offenses.

Eugene Powell is an unindicted co-conspirator in the fact situation of this case. The U.S. Government intends to call Eugene Powell to the witness stand as a Government's witness against Defendant Kevin Carter in Carter's trial. It is expected that Eugene Powell will testify that Defendant Kevin Carter has distributed illegal drugs on multiple occasions and that Powell will testify regarding some details of those events.

In an older drug-related criminal case based on unrelated facts, Eugene Powell was charged, convicted, and sentenced (*United States vs. Eugene Powell*, 2:04-CR-031 in the United States District Court for the Northern District of Indiana). Powell was sentenced to two concurrent sentences of 77 months each followed by two concurrent terms of supervised release of three years each. Powell is presently serving these sentences in the U.S. Bureau of Prisons.

Attorney Jack Friedlander and attorney William L. Brown, Jr. jointly practiced law together using the name Law Office of Jack Friedlander during the time period between when Eugene Powell was charged (April 21, 2004) and when he was sentenced (October 14, 2005). Both Friedlander and Brown were attorneys of record for Eugene Powell and each of them performed various legal services for Eugene Powell in that case.

While Eugene Powell is currently serving his prison sentences, he has been cooperating with the Government in the investigation and prosecution of Defendant Kevin Carter. Eugene Powell testified in Grand Jury proceedings investigating Kevin Carter. It is anticipated that Eugene Powell will testify as a Government's witness in the Kevin Carter trial about Carter distributing illegal drugs on multiple occasions.

By cooperating with the Government against Kevin Carter, Eugene Powell is hoping that eventually he will receive a reduction of the length of his sentences in his own case under Rule 35(b) of the Federal Rules of Criminal Procedure.

At some unknown point in time, but after Eugene Powell was charged, convicted, and sentenced, attorney William J. Brown, Jr. left his association with the Law Office of Jack Friedlander and he is no longer professionally associated with Friedlander.

While Eugene Powell has been serving his prison sentences and cooperating with the Government against Kevin Carter in hopes of eventually obtaining a reduction in his sentences, Powell has remained in direct and indirect contact with attorney Jack Friedlander and his law office from time to time, discussing Powell's hopes for eventually obtaining a Rule 35 reduction of his

3

sentences even as recently as this summer of 2008. Attorney Friedlander has been in contact and discussion with the Government on behalf of Eugene Powell, post-sentencing, about the possibility of Powell receiving a Rule 35 reduction of his sentences.

Attorney Jack Friedlander has not filed a Motion To Withdraw in Eugene Powell's criminal case at any time. The Clerk's docket information still shows Friedlander as Powell's attorney of record in Powell's case. In a telephone conversation in early July 2008, attorney Jack Friedlander told Eugene Powell that he still represents Powell.

In May or June of 2008, Eugene Powell learned that attorney Jack Friedlander is representing Defendant Kevin Carter in Carter's pending criminal case.

Defendant Kevin Carter has confidence in the abilities of his attorney Jack Friedlander to effectively represent him in his criminal case. With full knowledge of attorney Friedlander's representation of Eugene Powell and of Friedlander's and Powell's continuing occasional discussions about Powell eventually seeking a Rule 35 reduction of his sentences, Kevin Carter desires for attorney Friedlander to continue to represent him, he consents to same, he waives any objection to same, and he waives any objection to attorney Friedlander having a conflict of interest. Defendant Kevin Carter has set forth his consent and waiver in writing in his Affidavit of July 25, 2008.

However, Eugene Powell has a different position. Powell testified on July 22, 2008, in a court hearing addressing these issues that, during confidential attorney-client discussions, Powell has told his attorney Jack Friedlander information about criminal activity known to the Government and unknown to the Government which Powell has engaged in. Powell testified that he is unhappy about attorney Friedlander representing Defendant Kevin Carter, he is confused about how attorney Friedlander can represent both him and Kevin Carter, he is concerned that attorney Friedlander's representation of Kevin Carter may adversely affect his hoped-for Rule 35 reduction of sentences, and he feels that the situation is unfair to him. Powell testified that attorney Friedlander knows

4

information about him that Friedlander could use against him or possibly use to impeach his credibility as a witness.

When Powell was asked about the idea of another attorney other than Jack Friedlander cross-examining him at Kevin Carter's trial, Powell responded "if it's somebody who's working for you [referring to Friedlander] it's the same thing."

Eugene Powell does not consent to attorney Jack Friedlander continuing to represent the Defendant Kevin Carter; in fact, he objects to it.

## ANALYSIS

The issue in this matter is whether a conflict of interest exists to an extent that the Court should order attorney Jack Friedlander disqualified from representing Defendant Kevin Carter in this case.

In all criminal cases, a Defendant has the right to be represented by an attorney. *See* U.S. Const. amend. VI. The Sixth Amendment right to counsel includes the right to have effective counsel. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) (citations omitted). That right includes the right to conflict-free representation. *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004) (citations omitted). However, it is not designed to ensure that a Defendant will inexorably be represented by a lawyer of his choice. *Wheat*, 486 U.S. at 159 (citations omitted). "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id*. at 160. Conflicts of interest can overcome these interests. While the court "must recognize a presumption" in favor of a criminal Defendant's counsel of choice, "that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Id*. at 164. Thus, "[a]lthough a person has the right to be represented by the counsel of his choice, '(t)his right is not absolute, but qualified, and must be balanced against the requirements

of the fair and proper administration of justice.'" *United States v. Carrera*, 259 F.3d 818, 824-25 (7th Cir. 2001) (quoting *United States v. Micke*, 859 F.2d 473, 480 (7th Cir. 1988)).

The interest of the government receiving a fair trial must also be considered:

> A criminal defendant may waive his Sixth Amendment right to a representative free from conflicts of interest in order to retain a particular attorney, but since a waiver will not necessarily cure every conflict, the Sixth Amendment's presumption in favor of counsel of choice may not be interpreted to mean that the right to waive conflicts is absolute.

*United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004) (citing *Wheat*, 486 U.S. at 160). Further:

> The disqualification issue therefore implicates not only the accused's right to counsel, but also the interests of the judiciary in preserving the integrity of its processes, and the government's interest in ensuring a fair trial and a just verdict.

*Jones*, 381 F.3d at 119 (citing *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993)).

"In seeking to disqualify a defendant's chosen counsel, the government bears a heavy burden of establishing that concerns about the integrity of the judicial process justify the disqualification." *Micke*, 859 F.2d at 480 (quoting *United States v. Washington*, 797 F.2d 1461, 1465 (9th Cir. 1986)).

Even when an actual conflict of interest exists, Seventh Circuit case law declines to adopt a *per se* rule of disqualification. *United States v. O'Malley*, 786 F.2d 786, 790 (7th Cir. 1986). "District Courts have . . . broad discretion to fashion remedies to avoid conflicts of interest." *United States v. Messino*, 181 F.3d 826, 830 (7th Cir. 1999). A trial court's decision whether to disqualify an attorney in a criminal case, based on a conflict of interest inquiry, requires an evaluation of the interests of the defendant, the government, the witness, and the general public. *O'Malley*, 786 F.2d at 790. Cross-examination by a back-up counsel who is not a party to the former client's confidences can be an available remedy to this issue. *United States v. Britton*, 289 F.3d 976, 982 (7th Cir. 2002).

The Indiana Rules of Professional Conduct provide:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation of other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Ind. R. Prof. Conduct 1.7. The Rules also provide that "[a] lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules." Ind. R. Prof. Conduct 1.8(b).

## ANALYSIS

If Eugene Powell is a former client of attorney Jack Friedlander, then Rule 1.9(a) of the Rules of Professional Conduct applies. If Eugene Powell is a current client of attorney Jack Friedlander, then Rule 1.7 applies. The Court finds that Eugene Powell is a current client of attorney Friedlander. Although Powell was sentenced October 14, 2005, he and Friedlander, or at least Friedlander's office, have remained in communication from time to time discussing the hoped-for possibility of Powell eventually receiving a Rule 35 reduction of his sentences. Friedlander has, post-sentencing, discussed with the Government the possibility of Powell receiving a Rule 35 reduction of his sentences. Friedlander and Powell spoke with each other as recently as early July 2008 at which time Friedlander told Powell that he still represents Powell. If the Government does

file a Rule 35 motion for reduction of sentences in Powell's case, it is anticipated by both Powell and Friedlander that Friedlander will participate in the Rule 35 hearing as Powell's attorney.

Pursuant to Rule 1.7 of the Indiana Rules of Professional Conduct, with Kevin Carter and Eugene Powell both being current clients of attorney Jack Friedlander, the initial inquiry becomes (1) whether representation of either Carter or Powell will be directly adverse to the other, and (2) whether there is a significant risk that representation of one of them will be materially limited by representation of the other.

Seventh Circuit case law permits a substitute attorney to conduct cross-examination of the client-witness where a conflict of interest exists. *See Britton*, 289 F.3d 976; *O'Malley*, 786 F.2d 786. Although in *Britton* and *O'Malley* the Government's trial witness was a former client, not a current client, that distinction is not material to the instant situation.

Defendant Kevin Carter's interest in the prosecution of his case and at his trial will be to be acquitted of the charges. Eugene Powell's interest in the prosecution of Kevin Carter's case and at the Carter trial will be to be cooperative with the Government in giving his testimony and that the Government perceive him to be cooperating in good faith. Powell's interest at the Carter trial will not necessarily be that Carter is convicted–of paramount importance to Powell is that the Government perceive him to be cooperating and thus amenable to filing a Rule 35 motion to reduce his sentences in his case. If Kevin Carter would be acquitted at trial of his charges, then presumably the Government would remain amenable to filing a Rule 35 motion on behalf of Powell in Powell's case if the Government perceived Powell to have been cooperative and truthful in his trial testimony.

The Court finds that representation by attorney Jack Friedlander of Kevin Carter is not directly adverse to Eugene Powell nor is his representation of Powell directly adverse to Carter (Carter has submitted his written consent anyway).

For essentially the same reasons ((1) that a substitute attorney other than attorney Jack Friedlander can conduct the cross-examination of Eugene Powell at the Kevin Carter trial, and (2)

8

Friedlander's representation of either Carter or Powell will not be directly adverse to the other) the Court also finds that there is not a significant risk that representation by attorney Friedlander of either Kevin Carter or Eugene Powell will be materially limited by attorney responsibilities to the other.

Therefore, the concerns of Rule 1.7(a) are satisfactorily addressed by the facts and by the limiting orders hereinafter set forth such that the Rule does not prohibit attorney Jack Friedlander from continuing to represent both Kevin Carter and Eugene Powell in their respective cases.

Seventh Circuit case law provides that, upon a conflict of interest inquiry, "the decision to disqualify an attorney in a criminal case requires an evaluation of the interests of the defendant, the government, the witness and the public in view of the circumstances of each particular case." *O'Malley*, 786 F.2d at 790.

Here the Defendant Kevin Carter has a strong interest in attorney Jack Friedlander continuing to represent him, and he has made informed consent in writing. The witness Eugene Powell is uncomfortable about the dual representation and objects to it. But in weighing Powell's interests and considering the Court's limiting orders hereinafter set forth, it appears that attorney Jack Friedlander's continued dual representation cannot bring harm to Powell. Whether the Government ultimately perceives Powell to have been cooperative and truthful in his trial testimony has little or nothing to do with attorney Friedlander continuing to represent Carter. The Government's interest is that a fair trial of Carter be held and that Carter or his attorney Friedlander not be allowed some unfair advantage over the Government; considering the Court's limiting orders hereinafter set forth, those governmental interests are adequately addressed. The general public's interest is that Carter receive a fair trial, that Powell be treated fairly, and that there not be an appearance of any impropriety; considering the Court's limiting orders hereinafter set forth, those interests of the general public are adequately addressed.

**LIMITING ORDERS**

The Court rules that attorney Jack Friedlander is not disqualified from continuing to represent Defendant Kevin Carter in this case and Eugene Powell in his case but on the following conditions which themselves constitute orders of this Court:

(1) should Eugene Powell testify as a witness at the Kevin Carter trial for either the Government or the Defendant, Jack Friedlander (or anyone associated with his office) shall not conduct, indirectly participate in, or participate in the preparation of either the direct examination or cross-examination of Eugene Powell–attorney Friedlander shall arrange for a substitute attorney to do so and that substitute attorney shall not be associated with the Law Office Jack Friedlander (attorney Nishay Sanaan, should Jack Friedlander and Kevin Carter choose him to be the substitute attorney, is not professionally associated with the Law Office of Jack Friedlander for these purposes solely by virtue of the fact that Sanaan rents office space from Friedlander);

(2) at all times when Eugene Powell testifies at the Kevin Carter trial, attorney Jack Friedlander shall be absent from the court room;

(3) attorney Jack Friedlander shall not provide to the substitute attorney any information learned from Friedlander's confidential attorney-client relationship with Eugene Powell unless such information has in some way become a matter of public record or only to the extent Eugene Powell might voluntarily waive the attorney-client privilege of confidentiality;

(4) in the Kevin Carter trial preparation and proceedings, attorney Jack Friedlander shall not comment upon, base any argument upon, or otherwise use any information learned from his confidential attorney-client relationship with Eugene Powell unless such information has in some way become a matter of public record or only to the extent Eugene Powell might voluntarily waive the attorney-client privilege of confidentiality.

**CONCLUSION**

Subject to the limiting orders set forth above, attorney Jack Friedlander is not disqualified from continuing to represent the Defendant Kevin Carter in this case and his other client Eugene Powell in his case.

So ORDERED this 27th day of August, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record